# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEREMY CHERRY** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil No. 1:17cv219-HSO-JCG** |
| | § | |
| **TONY A. STALLWORTH and** | § | |
| **ALLSTATE INSURANCE COMPANY** | § | **DEFENDANTS** |

## ORDER GRANTING THE MOTION [7] TO SEVER CLAIMS AND PARTIALLY REMAND TO STATE COURT FILED BY DEFENDANT ALLSTATE INSURANCE COMPANY

BEFORE THE COURT is the Motion [7] to Sever Claims and Partially Remand to State Court filed by Defendant Allstate Insurance Company. Plaintiff Jeremy Cherry did not file a response. Having considered the Motion [7], the record, and relevant legal authority, the Court is of the opinion that the Motion [7] should be granted and the claims against Defendant Tony Stallworth should be severed and remanded to the Circuit Court of Jackson County, Mississippi. The Court finds it has subject-matter jurisdiction over Plaintiff's claims against Allstate, and those claims will proceed in this Court.

## I. BACKGROUND

Plaintiff Jeremy Cherry ("Plaintiff") initiated this action by filing a Complaint [7-1] on June 28, 2017, in the Circuit Court of Jackson County, Mississippi, naming as Defendants Tony Stallworth ("Stallworth") and Allstate Insurance Company ("Allstate"). *See* Compl. [7-1]. According to the Complaint [7-

1

1], Plaintiff sustained injuries to his neck and back in a motor vehicle collision that took place on April 5, 2017, in Moss Point, Mississippi. *Id.* at 2-3. Plaintiff asserts that the collision was proximately caused by Stallworth, who was operating the vehicle that struck Plaintiff's vehicle. *Id.*

The Complaint [7-1] further alleges that at the time of the accident, although both Stallworth and Plaintiff were uninsured, Plaintiff was residing with his grandmother, Michelle Simpson ("Simpson"), who was insured by Allstate with a policy providing $25,000.00 per person and $50,000.00 per accident in uninsured motorist coverage. *Id.* at 3. Plaintiff contends that, pursuant to Miss. Code Ann § 33-11-103(b), he was an "insured" under the uninsured motorist portion of the Allstate policy as Simpson's grandson who resided with her at the time of the accident. *Id.* at 5. On June 2, 2017, Allstate denied Plaintiff's uninsured motorist claim for property damage on grounds that Plaintiff's vehicle did not meet the definition of an "insured auto" under the policy. *Id.* at 6.

The Complaint [7-1] alleges that Allstate's denial constitutes bad faith and breached the implied covenant of good faith and fair dealing. *Id.* at 10. Plaintiff seeks to recover from Allstate for bodily injury and property damages up to the limits of the uninsured motorist policy, as well as punitive damages for bad faith. *Id.* at 5, 10. The Complaint [7-1] also raises state-law negligence claims against Stallworth, seeking to recover damages including property damage, medical treatment, pain and suffering, mental and emotional distress, lost income, and permanent disability. *Id.* at 3. The Complaint [7-1] does not contain a demand

for a specific sum of damages.

On August 2, 2017, Allstate removed the case to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal [1] at 1. Allstate contends that, although complete diversity of citizenship is lacking on the face of the Complaint [7-1], complete diversity nevertheless exists because Plaintiff is a citizen of Mississippi and Allstate is a Delaware corporation with its principal place of business in Illinois. *Id.* at 3. Although Plaintiff and Stallworth are both Mississippi citizens, Allstate asserts that the Court should disregard Stallworth's citizenship under the principles of fraudulent misjoinder. *Id.* Allstate further claims that the amount in controversy is met because it is in excess of $75,000.00, exclusive of interest and costs, given the nature and extent of Plaintiff's allegations. *Id.* at 4-5.

Plaintiff did not file a motion to remand the case within the required thirty-day time limit. On August 4, 2017, Allstate filed the present Motion [7] to Sever Claims and Partially Remand to State Court. Plaintiff did not file a response, and the time to do so has passed.

## II. DISCUSSION

### A. The misjoined claims against Defendant Stallworth will be severed and remanded.

Allstate maintains that Plaintiff's breach of contract and bad faith claims against it arise from distinct litigable events which do not present common questions of law with Plaintiff's tort claims against the non-diverse Defendant Stallworth for allegedly negligently causing the motor vehicle accident. *See* Def.'s

3

Mem. Supp. Mot. [8] at 3-4. According to Allstate, application of Mississippi Rule of Civil Procedure 20 requires the Court to sever and remand the claims against Stallworth to the state court. *Id.* at 3-4.

For this Court to have subject-matter jurisdiction over this matter based on 28 U.S.C. § 1332(a), complete diversity must exist among the parties. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).

"Fraudulent misjoinder of defendants is not permissible to circumvent diversity jurisdiction." *Cartwright v. Allstate Mut. Auto. Ins. Co.*, No. 4:14-CV-00057-GHD, 2014 WL 6959045, at *6 (N.D. Miss. Dec. 8, 2014). "The concept of 'fraudulent misjoinder' or 'egregious misjoinder' was first recognized by the United States Court of Appeals for the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996)."[1] *Allen v. Kuhlman Corp.*, No. 3:08-CV-669-DPJ-JCS, 2009 WL 2382196, at *1 (S.D. Miss. July 31, 2009). "The theory has been adopted in the federal courts for the Northern and Southern Districts of Mississippi." *Id.* (citing *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Nsight Tech., LLC v. Fed. Ins. Co.*, No. 3:09-CV-6-WHB-LRA, 2009 WL 1106868, at *2 (S.D. Miss. Apr. 23, 2009); *Cooper v. AIG Claim Servs., Inc.*, No. 1:08-CV-168-SA-JAD, 2009 WL 279101, at *2 (N.D. Miss. Feb. 5, 2009); *Palermo v.*

---

[1] *Tapscott* was abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

4

*Letourneau Tech., Inc.*, 542 F. Supp. 2d 499, 515 (S.D. Miss. 2008)).

"Under the doctrine, the Court will not retain jurisdiction unless the removing party demonstrates that joinder is 'egregious' or 'grossly improper.'" *Id.* (quoting *Cooper*, 2009 WL 279101 at *2). The question is whether the misjoinder of defendants was "so egregious as to constitute fraudulent joinder." *Tapscott*, 77 F.3d at 1360; *see also Sullivan v. Direct Gen. Ins. Co. of Miss.,* No. 4:12-CV-97-SA-JMV, 2013 WL 5427992, at *3 (N.D. Miss. Sept. 27, 2013) ("[M]ere misjoinder will not suffice for purposes of overlooking a non-diverse party's presence in the action."). "Where the joinder of defendants constitutes an 'improper and fraudulent joinder, bordering on a sham,' the presence of such non-diverse defendants does not destroy federal jurisdiction." *Cartwright*, 2014 WL 6959045, at *6 (quoting *Sullivan*, 2013 WL 5427992, at *2).

This Court has "adopt[ed] the fraudulent joinder-like standard for purposes of deciding the fraudulent misjoinder issue" and has used "the state procedural rule to determine the issue of fraudulent misjoinder." *Palermo*, 542 F. Supp. 2d at 523-24 (citing MISS. R. CIV. P. 20).

> As long as there is a reasonable possibility that the state court would find joinder proper, the plaintiff's right to a state forum prevails, but if there is no reasonable possibility that the state court would find joinder proper, the defendant is entitled to removal and severance. Under this standard, the lack of a reasonable possibility that the state court would allow the joinder renders the claims or parties "fraudulently misjoined."

*Id.* at 524.

Mississippi Rule of Civil Procedure 20(a) provides in relevant part that

[a]ll persons may be joined in one action as defendants if there is

5

> asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given . . . against one or more defendants according to their respective liabilities.

MISS. R. CIV. P. 20(a). "Cases involving a question of the propriety of Rule 20(a) joinder are reviewed on a case by case basis." *Hegwood v. Williamson*, 949 So. 2d 728, 730 (Miss. 2007). "Before an alleged 'occurrence' will be sufficient to meet Rule 20(a)'s two factors, there must be a 'distinct litigable event linking the parties.'" *Id.* (quoting *Wyeth-Ayerst Labs. v. Caldwell*, 905 So. 2d 1205, 1208 (Miss. 2005)).

To determine if a distinct litigable event linking the parties exists, the Mississippi Supreme Court has stated that courts should consider:

> whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant. The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs; however separate proof will be required where there are several wrongful acts by several different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place.

*Id.* (quoting *Ill. Cent. R.R. v. Gregory*, 912 So. 2d 829, 834-35 (Miss. 2005)). "Also, when determining if joinder is appropriate, it is important to consider whether the proof presented to the jury would be confusing due to the multiplicity of facts." *Id.* at 731 (citing *Caldwell*, 905 So. 2d at 1209).

In *Cartwright v. State Farm Mutual Automobile Insurance Co.*, the defendant

6

State Farm raised an argument similar to the one it advances in this case. No. 4:14-CV-00057-GHD, 2014 WL 6959045 (N.D. Miss. Dec. 8, 2014). In *Cartwright*, a guest passenger sued the driver for negligence and also sued State Farm, her underinsured motorist insurance carrier, for breach of contract and related duties. *Id.* at *1. State Farm removed the case to federal court on the basis of diversity jurisdiction; filed a motion to sever the plaintiff's claims against it from those against the non-diverse, individual defendant; and asked the court to remand the case against the individual defendant, if necessary, and to permit the claims against State Farm to proceed in federal court. *Id.*

In resolving State Farm's fraudulent misjoinder argument under Mississippi Rule of Civil Procedure 20(a), the district court in *Cartwright* determined that, in prosecuting the negligence claim against the individual defendant, the "[p]laintiff will be required to present different proof than will be required to support her claims against State Farm." *Id.* at *7. "Although both sets of claims arguably 'arose' from the subject motor vehicle accident, they implicate distinct factual and legal issues." *Id.* The court determined there was no reasonable probability that the state court would find the individual defendant's joinder proper and found that she was fraudulently joined as a defendant in the action. *Id.* The court severed the plaintiff's claims against the non-diverse individual defendant, remanded those claims to state court, and allowed the plaintiff's claims against State Farm to move forward in the district court. *Id.* at *8.

The Court finds the reasoning in *Cartwright* persuasive here. Plaintiff's

7

claims against the allegedly negligent driver Stallworth involve distinct factual and legal issues from those against Allstate for breach of contract and legal duties related to Simpson's underinsured motorist policy. *See Hegwood*, 949 So. 2d at 731. Because there is no reasonable probability that the state court would find the individual defendant Stallworth's joinder proper in this case, the Court will sever the negligence claims against Stallworth as fraudulently misjoined pursuant to Federal Rule of Civil Procedure 21 and remand the claims against Stallworth to the Circuit Court of Jackson County, Mississippi.

B.  The Court will retain jurisdiction of Plaintiff's claims against Allstate.

Allstate maintains that the Court should exercise jurisdiction pursuant to 28 U.S.C. § 1332 over Plaintiff's claims against it, allowing the case to proceed separately in this Court. Def.'s Mot. [7] at 1. The record reflects that complete diversity of citizenship exists between Plaintiff and Allstate. *See* Compl. [7-1] at 1; Corporate Disclosure Statement [1-2] at 1; Notice of Removal [1] at 3. The remaining issue is whether the amount in controversy is satisfied.

28 U.S.C. § 1332(a)(1) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). 28 U.S.C. § 1446(c)(2) provides that:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
> (A)   the notice of removal may assert the amount in controversy if the initial pleading seeks--

>    (i)   nonmonetary relief; or
>    (ii)  a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> (B)   removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

In interpreting § 1446(c)(2), the United States Supreme Court has held that "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014). When a defendant's assertion is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554.

In the present case, Allstate maintains that the amount in controversy exceeds the jurisdictional threshold. Notice of Removal [1] at 4-5. Although Plaintiff has not demanded a specific amount of monetary damages in an *ad damnum* clause, the Complaint [7-1] "asserts its continuing demand for payment of his bodily injury and property damage claims up to the sum of the Uninsured Motorist Coverage limits" of Simpson's policy, which provides for up to $25,000.00 per person and $50,000.00 per accident in uninsured motorist coverage. Compl. [7-1] at 3, 5. In addition to its potential contractual liability, Allstate argues that Plaintiff's claims for unspecified punitive and extra-contractual damages exceed the jurisdictional requirement of $75,000.00. Notice of Removal [1] at 4-5.

9

Based upon the facts set forth in the record, the Court finds that Allstate has carried its burden of showing by a preponderance of the evidence that the jurisdictional threshold has been met. *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 553. The Court is persuaded that it has subject-matter jurisdiction under 28 U.S.C. § 1332 and will retain Plaintiff's claims against Allstate to proceed separately in this Court.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [7] to Sever Claims and Partially Remand to State Court filed by Defendant Allstate Insurance Company is **GRANTED**, and Plaintiff Jeremy Cherry's claims against Defendant Tony Stallworth are **SEVERED** and **REMANDED** to the Circuit Court of Jackson County, Mississippi.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the stay of this civil action is **LIFTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that pursuant to 28 U.S.C. § 1447(c), a certified copy of this Order shall be immediately mailed by the Clerk of this Court to the Clerk of the Circuit Court of Jackson County, Mississippi.

**SO ORDERED AND ADJUDGED**, this the 5th day of September, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE